**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRANDON RUIZ, | No. CIV S-08-2085-GEB-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| MICHAEL MARTEL, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 9) the petition as untimely. Petitioner has not filed an opposition.

**I. BACKGROUND**

Petitioner was convicted of two counts of first degree murder and, with various enhancements, was sentenced to life without the possibility of parole plus 25 years. The conviction and sentence were affirmed by the California Court of Appeal on April 12, 2006, and the California Supreme Court denied direct review on July 12, 2006. Petitioner then filed three

/ / /

1

state court post-conviction actions as follows:

    <u>First Petition</u>    Court – Sacramento County Superior Court
                                  Filed – March 27, 2007
                                  Denied – May 15, 2007

    <u>Second Petition</u>    Court – California Court of Appeal
                                    Filed – October 18, 2007
                                  Denied – October 25, 2007

    <u>Third Petition</u>    Court – California Supreme Court
                                    Filed – December 17, 2007
                                  Denied – June 11, 2008

The instant federal petition was filed on September 4, 2008.

## II.  DISCUSSION

Respondent argues that the federal petition was filed after expiration of the one-year statute of limitations. Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the

Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

        The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 127 S.Ct. 1079 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

        In this case, because petitioner filed a petition for review with the California Supreme Court but did not seek certiorari to the United States Supreme Court, the limitations period began to run the day after expiration of the 90-day period within which to seek certiorari, or on October 11, 2006. By the time petitioner filed the first post-conviction action 165 days of

the one-year limitations period had expired.  Respondent concedes that petitioner is entitled to statutory tolling for the time the first petition was pending in state court.

Respondent argues, however, that petitioner is not entitled to tolling for the interval of time between denial of the first petition and filing of the second petition.  Citing Carey v. Saffold, respondent asserts that the unexplained delay of 155 days between May 15, 2007, when the first petition was denied and October 18, 2007, when the second petition was filed was unreasonable and, for this reason, petitioner is not entitled to interval tolling.  The court agrees with respondent that this unexplained delay is unreasonable for purposes of interval tolling.  See Livermore v. Watson, 2008 WL 802330 (E.D. Cal. 2008) (finding that a 78-day delay was unreasonable); see also Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008) (findings that a 70-day delay was unreasonable).  Petitioner is not entitled to interval tolling for the 155 days he waited to file the second petition.  Therefore, by the time he filed the second petition, 320 days of the one-year limitations period had passed.

Respondent concedes that petitioner is entitled to statutory tolling the time the second and third petitions were pending, and also for the interval between them.  The third petition was denied on June 11, 2008, at which time 320 days of the limitations period had expired and 45 days remained.  Thus, the federal petition was due by July 26, 2008.  Respondent concludes that, because the federal petition was not filed until September 3, 2008, it is untimely.  The court agrees.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 9) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 24, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE